UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARYL CHRISTOPHER PRYOR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-2358 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Daryl Christopher Pryor pled guilty to robbery in the 338th District Court of Harris County, Texas. That Court sentenced him to 20 years imprisonment,

This case is before the Court on Pryor's petition for a writ of habeas corpus and respondent William Stephens' motion for summary judgment. Having carefully considered the petition, the motion, Pryor's response, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted and Pryor's petition should be dismissed.

**I.     Background**

Pryor was charged by indictment with one count of robbery, with one prior felony conviction alleged for enhancement purposes. CR at 2.[1] According to Pryor's own version of events, Pryor and the victim drove to a bank. The victim entered the bank to get money while Pryor waited in the car. Upon entering the bank, the victim told a security guard that the Pryor would hurt the victim if the victim did not give Pryor money. The security guard exited the bank, approached the car with his weapon drawn, and ordered Pryor out of the car.

---
[1]     "CR" refers to the Clerk's Record.

Pryor exited the car and fled. Pryor claims that he was merely trying to collect on an existing debt. *See* Doc. 1-1 at 1-2. The indictment charged Pryor with threatening to hurt the victim if he did not give Pryor money. CR at 2.

Pryor initially pled not guilty and the trial proceeded to jury selection. Pryor then changed his plea to guilty pursuant to a plea agreement under which the State abandoned the enhancement paragraph and recommended a sentence of 20 years imprisonment. CR at 152-67. The plea deal also contained a waiver of Pryor's right to appeal the conviction if the trial court abided by the sentencing recommendation. *Id.* at 168, 175. On August 17, 2011, the trial court accepted Pryor's plea and sentenced him to 20 years imprisonment. *Id.* at 169-70.

Notwithstanding his waiver, Pryor appealed his conviction to Texas' Fourteenth Court of Appeals. On October 25, 2011, that court dismissed the appeal, finding that it was untimely and that Pryor waived his right to appeal. *Pryor v. State*, No. 14-11-00868-CR (Tex.App.–Houston Oct. 25, 2011) (*per curiam*). Pryor did not file a petition for discretionary review or a petition for a writ of *certiorari*. *See* Petition at 3.

On February 13, 2012, Pryor filed a state application for a writ of habeas corpus. SH at 2.[2] The trial court entered findings of fact and conclusions of law and recommended that the application be denied. *Id.* at 145-57. On May 8, 2013, the Texas Court of Criminal Appeals ("TCCA") denied Pryor's application without written order, on the trial court's findings. *Id.* at Action Taken page.

---

[2] "SH" refers to the transcript of Pryor's state habeas corpus proceedings.

Pryor filed this federal petition for a writ of habeas corpus on August 12, 2013. Respondent moved for summary judgment on January 23, 2014, and Pryor responded on April 25, 2014.

## II.     Applicable Legal Standards

### A.     The Anti-Terrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which became effective April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant federal habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). Under the "contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd*, 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003). The solitary inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of

the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254 (d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The State court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. §2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997).

### B.     The Standard for Summary Judgment in Habeas Corpus Cases

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Insofar as they are consistent with established habeas practice and procedure, the Federal Rules of Civil Procedure apply to habeas cases. *See* Rule 11 of the Rules Governing Section 2254 Cases. In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). Where a state prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, however, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997). Consequently, where facts have been determined by the Texas state courts, this Court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

**III.     Analysis**

    **A.     Knowing, Intelligent, and Voluntary Nature of Plea**

Pryor first contends that his plea was not made knowingly and intelligently because he was not properly counseled by his attorney. He asserts that counsel did not investigate the relevant law, and failed to advise Pryor that, Pryor now contends, the facts did not support the charge of robbery.

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000). "The critical issue in determining whether a plea was voluntary and intelligent is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (internal quotation marks and citation omitted).

Pryor does not dispute that he understood the nature of the charges against him and the penalty he faced. Moreover, the record includes plea papers signed by Pryor that expressly waive his rights to trial and appeal, a confession, and admonishments from the trial court. CR at 162-68. Nothing in the record supports Pryor's contention that his plea was anything other than knowing, intelligent, and voluntary.

    **B.     Ineffective Assistance of Counsel**

Pryor also argues that he received ineffective assistance of counsel. He contends that counsel should have moved to quash the superseding indictment or pursued a motion for an evidentiary hearing on the basis of a discrepancy between the original and superseding indictments concerning the complainant's name. He further contends that counsel failed to

investigate Pryor's allegation that the superseding indictment gave the wrong name for the alleged victim, erred in deciding not to argue that the State altered the indictment, and failed to advise Pryor that the indictment's charge that Pryor threatened to hurt the victim if he did not give Pryor money was a threat of future, not imminent, harm, and therefore insufficient to meet the statutory requirements for robbery.

To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689. In the context of a challenge to a guilty plea, Pryor must prove "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 747 U.S. 52, 59 (1985).

In addition to proving that he received ineffective assistance of counsel, Pryor must also demonstrate that the state habeas court's conclusion to the contrary was unreasonable. "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is . . . difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id.,* at 689 [104 S.Ct. 2052]; *Lindh v. Murphy,* 521 U.S. 320, 333, n. 7, 117 S.Ct.

2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles* [*v. Mirzayance*]*,* 556 U.S., at ----, 129 S.Ct. [1411], at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ---**,** 129 S.Ct., at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard." *Premo v. Moore*, ___ U.S___, 131 S.Ct. 733, 740 (2011).

1. <u>Superseding Indictment</u>

The original indictment listed the name of the complainant as Landry Trace Barnett. The superseding indictment listed the complainant as Robert Ramsey. The indictment further charged that Pryor placed "the Complainant in fear of imminent bodily injury and death, STATING THE DEFENDANT WAS GOING TO HURT THE COMPLAINANT." Pet. Exh. D.

In connection with Pryor's state habeas corpus proceeding, Pryor's trial counsel, Dorian C. Cotlar, submitted an affidavit. Cotlar notes that he visited Pryor in jail on 10 occasions and sent Pryor two detailed letters discussing the case. SH at 124. Cotlar asserts that Pryor was not interested in discussing possible defenses with counsel, but was solely focused on the discrepancy between the original and superseding indictments. Cotlar explains that, "[d]ue to an error at Intake or the Clerk's Office, the case was originally indicted with the *witness'* name, not the actual complainant's name." *Id.* Cotlar explained to Pryor that the superseding indictment was a perfectly legal means for correcting the clerical error.

The state habeas court found Cotlar's affidavit credible. SH at 145. The court also found that Cotlar conducted a thorough investigation and was ready for trial. *Id.* at 147.

Pryor offers no evidence that the superseding indictment was defective. He offers no evidence to rebut Cotlar's explanation that the indictment was changed simply to correct a clerical error. Pryor thus fails to demonstrate any deficient performance by counsel with regard to the indictment.

        2.      Failure to Investigate

Pryor contends that a surveillance video showing the victim walking into a bank to obtain the money to pay Pryor would have undermined the State's case because the victim entered the bank alone. Pryor acknowledges, however, that he sat in a car outside the bank. There is no evidence to suggest that Pryor did not threaten the victim before they drove to the bank. The fact that the victim entered the bank alone is therefore of little relevance.

        3.      Knowledge of Relevant Law

Pryor further contends that counsel failed to research relevant law. Pryor cites *Devine v. State*, 786 S.W.2d 268 (Tex. Crim. App. 1989) to support his argument that the robbery statute, TEX. PENAL CODE § 29.02 (a)(2), defines robbery as including a threat of *imminent* bodily injury or death. Pryor contends that his alleged threat was of future, not imminent, injury.

In *Devine*, the Court found that the defendant's threat to bomb the victim's house if he did not give her money was a threat of future harm. The defendant made the threat during a meeting with the victim at a fast food restaurant. *Id.* at 270. The court reasoned that the threat could not have been imminent because the defendant could not inflict the threatened injury immediately. *Id.* at 270-71. The court also noted that the threat was not necessarily a

threat of "bodily injury," but was directed at the victim's property. *Id.* at 270 n.2. The *Devine* court, however, cited *Green v. State*, 567 S.W.2d 211 (Tex. Crim. App. 1978) in which the court found the threat to "cave your head in" if the victim did not give the defendant money to satisfy the "imminent" requirement of TEX. PENAL CODE § 29.02 (a)(2),

The indictment in this case charges that Pryor threatened to hurt the victim if the victim did not give him money. This is more closely analogous to the threat in *Green* than to the one in *Devine*, *i.e.*, this threat could be understood as a threat to inflict bodily injury immediately if the victim did not give Pryor money. Thus, even accepting Pryor's conclusory allegation that counsel failed to investigate the law, Pryor fails to demonstrate that an accurate explanation of the law would have dissuaded him from pleading guilty.

    4.    <u>Coercion</u>

Pryor next complains that counsel coerced his guilty plea by telling Pryor that he could face stacked sentences if convicted. Counsel's affidavit states that he explained to Pryor that he faced a minimum sentence of 25 years if convicted, and that the State expressed its intention to stack any sentence on top of time Pryor had remaining on his parole from a previous conviction. SH at 126-27. Pryor presents no evidence that this information was in any way inaccurate As the Fifth Circuit has stated: "[S]tern warnings about the . . . potential for prison time . . . do not compromise voluntariness." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002).

5. <u>Appeal</u>

Finally, Pryor complains that he was unable to file a timely appeal because he was not appointed appellate counsel, and Cotlar did not advise him of his right to appeal. As noted above, Pryor waived his right to appeal. The state habeas court found that counsel explained this to Pryor before Pryor entered his plea. SH at 147-48. The right to challenge a conviction or sentence on appeal or in postconviction proceedings is waivable. *See*, *e.g.*, *United States v. Burns*, 433 F.3d 442, 446 (5th Cir. 2005); *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2005). Thus, Pryor fails to demonstrate any prejudice from his failure to file a timely appeal.

Pryor fails to demonstrate that he received ineffective assistance of counsel. Moreover, the state habeas court, in adopting the findings of the trial court, found that counsel rendered effective assistance. Pryor fails to demonstrate that the findings of fact are unreasonable determinations in light of the evidence presented, or that the legal conclusions were contrary to, or involved an unreasonable application of, Supreme Court precedent. Therefore, the state court's conclusions are entitled to deference under the AEDPA. Pryor is not entitled to relief on his claims of ineffective assistance of counsel.

**IV.   Conclusion**

For the foregoing reasons, respondent's motion for summary judgment is granted, and Pryor's petition for a writ of habeas corpus is denied.

**V.    Certificate Of Appealability**

Pryor has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic]

to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, "the determination of whether a COA should issue must be made by viewing the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000), *cert. dismissed*, 531 U.S. 1134 (2001).

This Court has carefully considered Pryor's claims. The Court finds that each of the claims is foreclosed by clear, binding precedent. This Court concludes that under such

precedents, Pryor has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Pryor is not entitled to a certificate of appealability on his claims.

VI. **Conclusion And Order**

For the foregoing reasons, it is ORDERED as follows:

A. Respondent William Stephens' motion for summary judgment (Dkt. No. 15) is GRANTED;

B. Petitioner Daryl Christopher Pryor's petition for a writ of habeas corpus (Dkt. No. 1) is in all respects DENIED;

C. The petition is DISMISSED WITH PREJUDICE; and

D. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 10th day of July, 2014.

_____

Kenneth M. Hoyt
United States District Judge